Filed 10/31/14  P. v. Nunerly CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CA NUNERLY,<br><br>    Defendant and Appellant. | B251582<br><br>(Los Angeles County<br>Super. Ct. No. LA063209) |

APPEAL from an order of the Superior Court of Los Angeles County, Martin Larry Herscovitz, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On December 1, 2008, Ca Nunerly (appellant) entered a negotiated plea of guilty to counts 2 and 3 of a felony information alleging the January 13, 2008, offenses of making criminal threats with the personal use of a firearm (Pen. Code, §§ 422, 12022.5, subd. (a)) and to one count of battery, a misdemeanor (Pen. Code, § 242).[1] On January 22, 2009, the trial court placed appellant on three years formal probation on conditions inter alia, he serve 210 days in the Ventura county jail and make $6,552.72 in restitution to the victim, Michael Hunt.

On October 17, 2011, and October 10, 2012, the trial court ordered extensions of the probationary period respectively, to January 22, 2013, and to December 31, 2013.

On September 11, 2013, appellant appeared before the trial court for a progress report. He had not completed restitution. The trial court, over appellant's objection, continued appellant's probationary period one year to December 31, 2014.

Appellant filed a notice of appeal from the September 11, 2013, order.

Citing the decision in *People v. Cookson* (1991) 54 Cal.3d 1091 (*Cookson*) and the proposition a change of circumstances is necessary to extend the probationary period, appellant contends the trial court had no jurisdiction to extend his probation for an additional year.

We affirm the order under review.

## BACKGROUND

The original probation report indicated Michael Hunt (Hunt) and his family attended a family party at which the men were watching a football game.[2] Appellant and his family were also in attendance. The men were apparently drinking beer. Hunt and appellant had been friends for a number of years as Hunt was a 17-year friend of

---

[1]   All further references to code sections are to the Penal Code unless otherwise designated.

[2]   The Los Angeles County Superior Court file for the instant case, entitled, *The State of California v. Ca Nunerly*, No. LA063209, has been transmitted to the court. This court takes judicial notice of the contents of the original probation report filed in the Ventura Superior Court on September 25, 2009. (Evid. Code, §§ 452, 459, subd. (a).)

2

appellant's wife. Appellant and Hunt had a verbal altercation that became physical. During the melee, appellant punched Hunt three times in the face and forehead with his fist while wearing a ring, causing a laceration on Hunt's forehead and contusions. After the punching, outside the residence, appellant approached Hunt with a .25-caliber Beretta handgun and threatened Hunt, using a racial epithet. Appellant also choked another man who attempted to intervene and then pushed that man. The children and women attending the party witnessed the altercation.

At a local emergency room, Hunt had eight sutures to close the laceration to his forehead. He missed work and temporarily had migraine headaches. His forehead was scarred. Hunt's children were traumatized by the event, and one younger son was having nightmares concerning the fight.

Appellant had no criminal record, with the exception of a conviction in 2000 for driving under the influence. He was 38 years old. He had been honorably discharged from the Marines. He disputed the severity of the assault and claimed he was not entirely at fault for the altercation. He denied making the remarks attributed to him. He was a family man who was active in church and coached community football. His friends and family wrote letters informing the trial court appellant was not violent. Hunt speculated appellant's conduct was due to having lost a large bet that day on a football game.

The supplemental probation report prepared for the September 11, 2013, hearing indicated appellant's total financial obligation for victim restitution and court fees was $9,807.77. The balance he owed on the total was $6,000. Appellant was paying $100 per month per the probation department's approved payment plan toward his obligations. Appellant had paid Hunt $3,807.77, leaving a balance of $2,944.77 in victim restitution.

In his report, the probation officer predicted appellant would not complete victim restitution before probation expired on December 31, 2013. The probation officer recommended a termination of probation and the entry of a civil judgment in amount of $6,552.74 in Hunt's favor.

At the hearing on September 13, 2013, trial counsel informed the trial court appellant was not in violation of any of the terms of probation and there was no willful

refusal to make payments to the victim or the probation department. Trial counsel suggested terminating probation.

The trial court checked on whether it could further extend probation. It told trial counsel it was empowered to extend appellant's probation a total of five years, to January 21, 2014. Trial counsel replied all the defense would "join in" was terminating probation. The trial court said it was the trial court's obligation to keep appellant on probation to enable the victim to receive the maximum amount of restitution. Given the payment appellant was able to pay each month, it was apparent he would not finish making restitution by December 31, 2013. Accordingly, the trial court was extending the expiration of probation an additional year, to December 31, 2014.

Trial counsel objected there was no change of circumstances allowing the trial court to extend probation.

## DISCUSSION

We review a trial court's decisions regarding probation under the deferential abuse of discretion standard. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) " '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.' " (*Id.* at p. 443, quoting *People v. Lippner* (1933) 219 Cal. 395, 400.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

As the punishment for appellant's criminal threat offenses is a maximum of three years (§§ 18, 422), section 1203.1, subdivision (a), authorizes a probationary period to a maximum of five years. (*People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1264 (*Medeiros*).)[3]

---

[3]    Section 1203.1 provides, as follows: "(a) The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence, except as hereinafter set forth, and upon those terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof, may imprison the defendant in a county jail for a

4

Contrary to appellant's claims on appeal, the decision in *Cookson*, *supra,* 54 Cal.3d 1091, fully supports the trial court's exercise of discretion. *Cookson* settled that without finding a probationer in violation of probation, a trial court in instances of unpaid victim restitution may extend or modify the term of probation to the maximum allowed by section 1203.1, subdivision (a). (*Cookson, supra*, 54 Cal.3d at pp. 1098-1099.) The *Cookson* court also held the "change of circumstances" required for extending probation is satisfied when a trial court later discovers the probationer is unable to pay full restitution as contemplated by the original grant of probation. (*Id.* at pp. 1095, 1097; see also *Medeiros, supra*, 25 Cal.App.4th at pp. 1263-1264; § 1203.3, subd. (b)(4) ["[t]he court may modify the time and manner of the term of probation for purposes of measuring the timely payment of restitution obligations . . . ."].)

In the instant case, the trial court placed appellant on probation on January 22, 2009. It was thus empowered to extend appellant's probation five years, to January 21, 2014. A trial court does not abuse its discretion when it extends probation to the maximum period of five years to permit a probationer with a limited ability to pay to complete victim restitution. (*Cookson, supra*, 54 Cal.3d 1091.) Moreover, the trial court was not bound to accept the recommendation in the probation report for a termination of probation and the entry of an order for a civil judgment. (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

The trial court's reference to appellant's inability to pay full restitution to Hunt within three or four years provides an ample statement of reasons for extending probation the additional year. (§ 1203.3, subd. (b)(1)(A).) But in any event, trial counsel's failure to object on this ground at the hearing forfeits this claim. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303; cf. *People v. Scott* (1994) 9 Cal.4th 331, 353 ["claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"

---

period not exceeding the maximum time fixed by law in the case. [¶] *However, where the maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years. . . ."* (Italics added.)

could not be raised for the first time on appeal if the appellant fails to object below]; *People v. Zuniga* (1996) 46 Cal.App.4th 81, 83-84 [claim of error based on failure to state reasons for sentencing choices is waived unless objection stated before trial court—probation revoked]; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1117 [waives claim of error—failure to state reasons for consecutive sentences].)

The trial court's and trial counsel's comments at the hearing indicate the trial court was well aware of appellant's background with respect to the grant of probation, the contents of the supplemental probation report and the recommendation of the probation officer. (§§ 1203, subd. (b)(3),[4] cf. 1203 [no provision for explicit statement the trial court has considered the probation report where modification, as compared to revocation, is contemplated]; *People v. Gorley* (1988) 203 Cal.App.3d 498, 506-507 [the purpose of a certification trial court has read and considered the probation report is served where the record otherwise clearly shows the court had read the probation report or considered the pertinent information provided therein].)

---

[4] Section 1203, subdivision (b)(3), provides: "At a time fixed by the court, the court shall hear and determine the application, if one has been made, or, in any case, the suitability of probation in the particular case. *At the hearing, the court shall consider any report of the probation officer*, including the results of the SARATSO [state-authorized risk assessment tool for sex offenders], *if applicable, and shall make a statement that it has considered the report, which shall be filed with the clerk of the court as a record in the case.* If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation. If probation is denied, the clerk of the court shall immediately send a copy of the report to the Department of Corrections and Rehabilitation at the prison or other institution to which the person is delivered." (Italics added.)

**DISPOSITION**

The order of September 11, 2013, is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.